UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CR-0032-CVE |
| ) | |
| DARRELL KAVIN WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Continue Dates in Scheduling Order (Dkt. # 15). On February 7, 2012, the grand jury returned an indictment (Dkt. # 2) charging defendant with possession of a firearm by a convicted felon, possession of methamphetamine with intent to distribute, possession of marijuana with intent to distribute, and use of communication facility to cause or facilitate a drug trafficking offense. Defendant made his initial appearance on February 10, 2014, and William Widell was appointed to represent defendant. Dkt. # 6. However, defendant retained an attorney, Neal Kirkpatrick, and Widell was permitted to withdraw from his representation of defendant. Kirkpatrick entered his appearance on February 19, 2014. Dkt. # 14. This case is set for trial on March 17, 2014, but Kirkpatrick states that he needs additional time to meet with the defendant, review the discovery, and prepare motions. Defendant requests a continuance to the April 2014 trial docket, and he has executed a speedy trial waiver (Dkt. # 18). The government does not oppose defendant's motion for a continuance.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of

justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public.  Id.  The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv).  The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool."  United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool.  The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time."  Id. at 1271.  This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance.  Id. at 1272-73.  A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act.  Id. at 1273.

Defendant claims that he needs more time to prepare for trial, because his attorney entered an appearance on February 19, 2014 and has not had sufficient time to review the discovery or determine if pretrial motions would be appropriate.  The motions deadline in the scheduling order was February 19, 2014, but defendant's attorney had just entered his appearance on that date.  The

Court finds that defendant's request for additional time to prepare for trial is reasonable. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant's Motion to Continue Dates in Scheduling Order (Dkt. # 15) is **granted**, and the jury trial set for March 17, 2014 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | March 17, 2014 |
| Responses due: | March 31, 2014 |
| PT/CP/Motions Hearing: | **April 11, 2014 at 10:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | April 14, 2014 |
| Jury Trial: | **April 21, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between March 17, 2014 and April 21, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 21st day of February, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE